IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Donald Michael HOERL, Attorney at Law.

Supreme Court

*No. 93–1562–D. Filed April 20, 1994.*

(Also reported in 514 N.W.2d 416.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the court suspend the license of Attorney Donald M. Hoerl to practice law in Wisconsin for three years as discipline for professional misconduct. That misconduct consisted of taking his fee in a bankruptcy matter from client funds held in his trust account without the client's permission, failing to return funds to two cli-

ents and provide them an accounting, failing to act with appropriate diligence and promptness in several client matters, failing to return client papers and property when his services were terminated and failure to respond to requests from the Board of Attorneys Professional Responsibility (Board) and a district professional responsibility committee for information concerning client grievances.

We determine that the recommended three-year license suspension, to which the Board and Attorney Hoerl had stipulated, is appropriate discipline for the professional misconduct established in this proceeding. By that misconduct, Attorney Hoerl has demonstrated a willingness to treat client funds and property entrusted to him as if it were his own and a repeated failure to perform the work he had undertaken on behalf of his clients. In addition, Attorney Hoerl repeatedly violated his professional duty to cooperate with the disciplinary authorities investigating his clients' grievances and information from others that he had engaged in professional misconduct.

Attorney Hoerl was admitted to practice law in Wisconsin in 1974 and practices in Marshfield. He is currently suspended from practice, effective November 2, 1992, for failure to pay State Bar dues and, effective June 2, 1993, for failure to comply with continuing legal education requirements. In 1983, the Board publicly reprimanded him for neglect of three client matters and failure to keep clients informed of the status of their matters.

Attorney Hoerl and the Board entered into a stipulation pursuant to which the referee, Attorney Janet A. Jenkins, made the following findings of fact and conclusions of law. Between November, 1990 and the end of 1992, Attorney Hoerl engaged in professional miscon-

606

duct in ten separate matters. In four of those matters, he failed to keep his clients reasonably informed about their matters; in two of them he failed to act with reasonable diligence and promptness in representing the clients; in two of them he failed to return papers to which the clients were entitled after his representation was terminated; in two of them he failed to deliver to the clients funds to which they were entitled and to provide them an accounting of his handling of those funds. In all but one of those matters he did not respond to numerous requests from the Board for information regarding grievances filed by the clients and did not appear before the Board as he had been required to do. The referee concluded that Attorney Hoerl thereby violated SCR 20:1.3,[1] 20:1.4(a)[2] and 21.03(4).[3]

One of the matters concerned Attorney Hoerl's representation of a couple in a bankruptcy proceeding in the fall of 1986. In December, 1991, Attorney Hoerl

---

[1] SCR 20:1.3 provides:

**Diligence**

A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 21.03 provides:

**General principles**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

607

made two withdrawals totaling $750 from his clients' funds held in his trust account and paid those funds to his law firm. While he claimed he was under the impression the bankruptcy court had approved his fee in the bankruptcy matter and he was entitled to the clients' funds as his fee, Attorney Hoerl did not have the clients' permission to make those withdrawals. The referee concluded that he thereby converted trust account funds to his own use, in violation of SCR 20:1.15(a)[4] and 20:8.4(c).[5]

Another matter concerned Attorney Hoerl's representation of a client from 1985 to the fall of 1992. He represented the client in debt collection matters and drafted a will. When he told the client in September, 1992 that he was leaving the practice of law, he said he would return the client's papers and the money he had collected on the client's behalf but he did not do so. The referee concluded that Attorney Hoerl thereby violated SCR 20:1.15(b)[6] and 20:1.16(d).[7]

---

[4] SCR 20:1.15 provides in pertinent part:

**Safekeeping property**
  (a)  A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. . . .

[5] SCR 20:8.4 provides:

**Misconduct**
  It is professional misconduct for a lawyer to:
  . . .
  (c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

[6] SCR 20:1.15 provides:

**Safekeeping property**
  . . .
  (b)  Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the

In addition to the matters set forth above, between 1986 and 1992, Attorney Hoerl neglected the probate of five estates for which he had been retained. In one of them, which was opened in November, 1986, the probate court five times ordered Attorney Hoerl to show cause why the estate was not concluded before ultimately removing him in November, 1992. Orders to show cause were issued in three other estates and successor attorneys were retained in the other two. In one of the estates, Attorney Hoerl failed to respond to the personal representative's requests for information concerning the status of the probate and he did not respond to Board requests for information regarding the delay in the probate of four of the estates.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended three-year license suspension is appropriate discipline to impose for Attorney Hoerl's professional misconduct. We note, as the referee acknowledged, all of Attorney Hoerl's clients ultimately received the money and property to which they were entitled, albeit only after the

---

client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[7] SCR 20:1.16 provides:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

Board intervened or, in one case, the client commenced legal action against him.

IT IS ORDERED that the license of Donald M. Hoerl to practice law in Wisconsin is suspended for a period of three years, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Donald M. Hoerl pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Donald M. Hoerl to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Donald M. Hoerl comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.